UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA ANN MASSEY | :  NO.: 3:03CV55 (PCD) |
| | : |
| v. | : |
| | : |
| TOWN OF WINDSOR AND | : |
| KATHLEEN QUIN IN HER | : |
| INDIVIDUAL CAPACITY | :  FEBRUARY 12, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES

<u>COUNT ONE</u>:

1.  Paragraphs 1, 3, 6, 7, 10, 13, 14, 15, 18, 19, 20, 21, 22, 24, 25, 26, 29, 33, 34, 36 and 37 are denied.

2.  As to paragraph 2, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

3.  Paragraphs 4, 9, 11, 31 and 32 are admitted.

4.  That portion of paragraph 5 which states: "During all times relevant to this Complaint, the defendant Kathleen Quin was the Town Clerk for the defendant Town of Windsor, and as such was the supervisor of the plaintiff" is admitted. As to the remainder of paragraph 5, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

5.  That portion of paragraph 8 which states: "The plaintiff is a fifty-one (51) year old African American woman" is admitted. The remainder of paragraph 8 is denied.

6.  That portion of paragraph 12 which states: "Despite the plaintiff's exemplary performance during the initial six month probationary period" is denied. The remainder of paragraph 12 is admitted.

7.  As to paragraph 16, the defendants admit that monthly meetings were held. The defendants deny the remainder of paragraph 16.

8.  Those portions of paragraph 17 which state: "In March of 2000 during one of the scheduled monthly meetings, the plaintiff met with the Town Manager, Ralph Churchill, the Director of Personnel, Dede Moore, and the Town Clerk, defendant Kathleen Quin" and "Defendant Kathleen Quin brought to the meeting a box loaded with errors she alleged the plaintiff had made" are admitted. The remainder of paragraph 17 is denied.

9.  That portion of paragraph 23 which states: "Defendant Kathleen Quin gave the plaintiff's home telephone number to someone who called the office and asked for the plaintiff" is admitted. The remainder of paragraph 23 is denied.

10. That portion of paragraph 27 which states: "In or about August of 2000 until September 30, 2000, the plaintiff was out" is admitted. The remainder of paragraph 27 is denied.

11. As to that portion of paragraph 28 which states: "In or about April of 2001, the plaintiff was hospitalized because of the recurrence of her illness" the

defendants admit that the plaintiff was absent but did not know the reason.  That portion of paragraph 28 which states: "The plaintiff returned for a brief period of time and was out again from May 21, 2001 until the end of June" is admitted.  As to the remainder of paragraph 28 the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

      12.    That portion of paragraph 30 which states: "In or about September of 2001, defendant Quin instituted a biweekly evaluation program" is admitted.  The remainder of paragraph 30 is denied.

      13.    As to paragraph 35, the defendants deny instituting "an aggressive campaign" against any employee, including the plaintiff.

**COUNT TWO**:

      1.    That portion of paragraph 1 which states: "42 U.S.C. 2000e, et seq." was dismissed pursuant to the Court's ruling on the Motion to Dismiss.  The remainder of paragraph 1 is denied.

      2.    As to paragraphs 2 and 3, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

      3.    The answers to paragraphs 3 through 36 of Count One are hereby incorporated and made the answers to paragraphs 6 through 39 of Count Two as if fully set forth herein.

    4.    Paragraphs 4, 5 and 40 are denied.

**COUNT THREE**:

    1.    Those portions of paragraph 1 which state: "46a-58(a), 46a-60(a)(1)" and "46a-60(a)(8)" have been dismissed pursuant to the Court's ruling on the Motion to Dismiss. The remainder of paragraph 1 is denied.

    2.    As to paragraph 2, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

    3.    The answers to paragraphs 3 through 36 of Count One are hereby incorporated and made the answers to paragraphs 3 through 36 of Count Three as if fully set forth herein.

    4.    Paragraph 37 is denied.

**COUNT FOUR**:

This count was dismissed pursuant to the Court's ruling on Motion to Dismiss.

**COUNT FIVE**:

This count was dismissed pursuant to the Court's ruling on Motion to Dismiss.

**BY WAY OF AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE TO FIRST COUNT**

The plaintiff's claims are barred by the applicable statutes of limitations.

**SECOND AFFIRMATIVE DEFENSE TO FIRST COUNT**

The plaintiff fails to state a claim for which relief may be granted.

**FIRST AFFIRMATIVE DEFENSE TO SECOND COUNT**

The plaintiff's claims are barred by the applicable statutes of limitations.

**SECOND AFFIRMATIVE DEFENSE TO SECOND COUNT**

The plaintiff fails to state a claim for which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE TO SECOND COUNT**

The Town of Bloomfield is immune to punitive damages.

**FOURTH AFFIRMATIVE DEFENSE TO SECOND COUNT**

The plaintiff's claims are barred by the doctrine of qualified immunity since the action and conduct complained of were objectively reasonable under the circumstances of which the defendants were aware at the time.

**FIFTH AFFIRMATIVE DEFENSE TO SECOND COUNT**

The plaintiff's claims are barred by the doctrine of qualified immunity as the applicable law was not sufficiently well-established at the time of the actions complained of to provide notice to a reasonable official of any constitutional deprivation resulting therefrom.

**FIRST AFFIRMATIVE DEFENSE TO THIRD COUNT**

The plaintiff's claims are barred by the applicable statutes of limitations.

**SECOND AFFIRMATIVE DEFENSE TO THIRD COUNT**

The plaintiff fails to state a claim for which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE TO THIRD COUNT**

The Town of Bloomfield is immune to punitive damages.

                      DEFENDANTS,
                      TOWN OF WINDSOR AND
                      KATHLEEN QUIN IN HER
                      INDIVIDUAL CAPACITY


By____/s/ David S. Monstersky____
   David S. Monastersky
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114-1190
   (860) 249-1361
   ct13319

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 12th day of February, 2004, 2003.

Cynthia R. Jennings, Esquire
The Barrister Law Group, LLC
211 State Street
Bridgeport, CT 06604


          _____/s/ David S. Monstersky_____
          David S. Monastersky