UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA ANN MASSEY | : | NO.: 3:03CV55 (PCD) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WINDSOR AND | : | |
| KATHLEEN QUIN IN HER | : | |
| INDIVIDUAL CAPACITY | : | JULY 1, 2004 |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(a), the defendants, Town of Windsor and Kathleen Quin in her individual capacity, hereby move for summary judgment as to the plaintiff's complaint dated January 8, 2003 in its entirety.

As is more particularly set forth in the accompanying memorandum of law, exhibits and Local Rule 56(a)(1) statement, there is no genuine dispute of material fact and the defendants are entitled to summary judgment for the following reasons:

i. The plaintiff's claims in Counts One and Three, are in part, time-barred by the applicable statute of limitations.

ii. The plaintiff's Title VII claim must fail because the Town of Windsor had a legitimate, nondiscriminatory reason for terminating the plaintiff's employment, and the plaintiff has presented no evidence of pretext.

iii. The plaintiff's ADEA claim must fail because the plaintiff has failed to establish a *prima facie* case of age discrimination.

iv. The plaintiff's ADEA claim must fail because the Town of Windsor had a legitimate, nondiscriminatory reason for terminating the plaintiff's employment, and the plaintiff has presented no evidence of pretext.

v. The plaintiff's ADA claim must fail because the plaintiff has failed to establish a *prima facie* case of disability discrimination.

vi.      The plaintiff's ADA claim must fail because the Town of Windsor had a legitimate, nondiscriminatory reason for terminating the plaintiff's employment, and the plaintiff has presented no evidence of pretext.

vii.      The plaintiff's hostile work environment claim must fail because the alleged conduct was not severe or pervasive as a matter of law.

viii.      The plaintiff's hostile work environment claim must fail because there is no evidence that the alleged conduct was carried out on account of the plaintiff's race or color.

ix.      The plaintiff's Fourteenth Amendment due process claim must fail because she was given all the process she was due.

x.      The plaintiff's Fourteenth Amendment due process claim must fail because the appearance of "willful misconduct" on the Department of Labor unemployment form did not deprive the plaintiff of a property or liberty interest.

xi.      The plaintiff's Fourteenth Amendment due process claim must fail because there is no evidence that Kathleen Quin, or anyone at the Town, was responsible for "willful misconduct" appearing on the DOL form.

xii.      The plaintiff's Fourteenth Amendment equal protection claim must fail because there is no evidence of invidious intent on the part of the Town of Windsor or Kathleen Quin.

xiii.      The plaintiff's Fourteenth Amendment equal protection claim must fail because Kathleen Quin is entitled to qualified immunity.

xiv.      The plaintiff's Fourteenth Amendment equal protection claim must fail because there is no evidence of an official policy or custom that caused the plaintiff to be deprived a constitutional right and there is no evidence of deliberate indifference on the part of the Town.

xv.      The plaintiff's claims under the Connecticut Fair Employment Practices Act must fail because the plaintiff failed to obtain a release from the Commission on Human Rights & Opportunities.

xvi.      The plaintiff's claims under Conn. Gen. Stat. §46a-60(a)(1) must fail because the Town of Windsor had a legitimate, nondiscriminatory reason for terminating the plaintiff's employment, and the plaintiff has presented no evidence of pretext.

xvii. The plaintiff's age discrimination claim under Conn. Gen. Stat. §46a-60(a)(1) must fail because the plaintiff has failed to establish a *prima facie* case of age discrimination.

xviii. The plaintiff's aiding and abetting claim under Conn. Gen. Stat. §46a-60(a)(5) must fail because Kathleen Quin is the individual who allegedly committed the discriminatory acts against the plaintiff.

xix. The plaintiff's aiding and abetting claim under Conn. Gen. Stat. §46a-60(a)(5) must fail because the Town of Windsor had a legitimate, nondiscriminatory reason for terminating the plaintiff's employment, and the plaintiff has presented no evidence of pretext.

WHEREFORE, the defendants, Town of Windsor and Kathleen Quin, respectfully request that their motion for summary judgment be granted as to all counts.

DEFENDANTS,
TOWN OF WINDSOR
AND KATHLEEN QUIN IN HER
INDIVIDUAL CAPACITY

By/s/Alexandria L. Voccio
   Alexandria L. Voccio, ct21792
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114-1190
   Phone:  (860) 249-1361
   Fax: (860) 249-7665
   E-mail:  avoccio@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 1st day of July, 2004.

Cynthia R. Jennings, Esquire
The Barrister Law Group, LLC
211 State Street
Bridgeport, CT 06604

                                      /s/Alexandria L. Voccio
                                      Alexandria L. Voccio