

DEFENDANT'S
EXHIBIT NO. 2
FOR IDENTIFICATION
DATE: 4-20-04    RPTR: F.T.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PATRICIA ANN MASSEY            :
                              :    CIVIL NO.    3:03CV55 (PCD)
                              :
VS.                           :
                              :
TOWN OF WINDSOR,              :
KATHLEEN QUIN                 :    February 10, 2004

## PLAINTIFF'S RESPONSE TO INTERROGATORIES
## AND REQUEST FOR PRODUCTION

1. Identify all employment positions held by you for ten years prior to your employment with the Town of Bloomfield and all employment since, including the names and address of each employer, the date employed, the type of work performed, your reason for leaving such employment, and the salary/pay rate at the time you left such employment.

**Answer:**

I, Patricia A. Massey have not been employed by the Town of Bloomfield in the past ten years. I was employed by the Town of Windsor.

My previous employment record is as follows:

| | |
|---|---|
| Employer: | The Hartford Insurance Group |
| Address: | Hartford Plaza, Hartford, CT 06105 |
| Dates of Employment: | 1986-1989 |
| Type of Work Performed: | Premium Collections Correspondent (1986-88) |
| | Reinsurance Accounting Technician (1988-89) |
| Reason for Leaving: | To attend college on a full-time basis |
| Salary/Pay Rate: | $21,000.00/year |

Employer:                        Travelers Insurance Company
Address:                         Windsor Street Data Center Hartford, CT
Dates of Employment:             1990-1994
Type of Work Performed:          Peripheral Operator - Information Systems
Reason for Leaving:              Dislocated Worker - Division relocation
Salary/Pay Rate:                 $20,190.00/year

Employer:                        Hebrew Home & Hospital
Address:                         1 Abrahms Blvd.. West Hartford, CT
Dates of Employment:             1995
Type of Work Performed:          Community Outreach Worker
Reason for Leaving:              Part-time
Salary/Pay Rate:                 8.50/hr

Employer:                        State of Connecticut - Revenue Services
Address:                         25 Sigourney Street, Hartford, CT 06103
Dates of Employment:             1995-1996
Type of work Performed:          Temporary Tax/Quality Control Clerk
Reason for Leaving:              Intermittent/Seasonal - to accept permanent
                                 part-time position at the Town of Windsor.
Salary/Pay Rate:                 $10.31/hr

Employer:                        Town of Windsor
Address:                         275 Broad Street, Windsor, CT  06095
Dates of Employment:             1996-1998
Type of Work Performed:          Clerical Assistant - Building & Land Dept.
Reason for Leaving:              To accept a full-time position as Deputy
                                 Town Clerk.
Salary/Pay Rate:                 $10.75/hr

Employer:                Hartford Public Schools

Address:                 153 Market Street, Hartford, CT  06103

Dates of Employment:   2002-2003

Type of Work:        Assistant Program Coordinator

Reason for Leaving:    Grant-funded Position

Salary/Pay Rate:      $32,500.00/yr

2.     If you have ever been suspended, terminated or asked to resign from any employment, state with reference to each suspension, termination or involuntary resignation:

     a.  the reason for such suspension, termination or involuntary resignation;

     b.  A brief description of any activities for which you were suspended, terminated or asked to resign;

     c.  the date of each suspension, termination or involuntary resignation; and

     d.  the name and address of the employer and supervisor for whom you were suspended, terminated or involuntarily resigned.

**Answer:**

Except for the Town of Windsor, I Patricia A. Massey have never been suspended, terminated or asked to resign from any previous employer.

3.     With respect to your claim of denial of equal protection of the law set forth in paragraphs one and forty of Count Two of your Complaint, state for each and every alleged act taken against you which you perceived to be in violation of your right to equal protection the following:

**Answer: #1**

a.    I, Patricia A. Massey was required to complete a probationary period in which despite a satisfactory performance during the initial six-month probationary period, a second six-month period was implemented. Despite an overall performance rating of

exceeding standard in the second six-month probationary period was not terminated. The second six-month probationary period should have ended on September 7, 1999. On September 21, 1999, the Town Manager requested that the period of probation be terminated, as it had exceeded the one-year limit as set forth in Town Policy.

b.   September 8, 1998 to September 21, 1999

c.   Kathleen Quin, Town Clerk, Town of Windsor

d.   Leon Churchill, Jr., Town Manager, Town of Windsor

Dede Moore, Human Resources Director, Town of Windsor

e.   Matthew Lichatz, Landfill Operator (w/m), age 41

Stanley Sikor, Mechanic (w/m), age 49

f.   Similarly situated employees has at most two six-month probationary periods which did not exceed one year.

### Answer #2

a.   Performance Appraisals were not instituted for co-workers.  June Cameron and Alice Williams were both employed as Deputy Town Clerks who did not receive performance evaluations.  Thelma London, Administrative Clerk & Assistant Registrar of Vital Statistics and  Elka Peck, Administrative Clerk & Assistant Registrar of Vital Statistics had similar responsibilities and there were no performance standards in place for them.  All were white females employed by the Town.

b.   September 8, 1999  through December 14, 2001.

c.   Kathleen Quin, Town Clerk, Town of Windsor

d.   June Cameron, Town of E. Granby, Town Clerk's Office, 9 Center Street, Alice Williams, 4 Watkins Road - 109 POB, Bloomfield, CT, Thelma London –  22 Chestnut Drive, Windsor, CT 06095), Elka Peck (23 Orchard Road, Windsor, CT  06095), Leon Churchill, Jr. Town of Windsor, Dede Moore, Human Resources Director, Town of

Manchester), Peter Souza, Town of Windsor, Assistant Town Manager & Acting Human Resources Director.

e.    June Cameron, Alice Williams, Thelma London and Elka Peck

f.    Performance Standards and Evaluations were not completed for these similarly situated employees.

## Answer #3

a.    A Procedure was instituted to photocopy all of the "errors" alleged to have been made by me in performance of my responsibilities in the Town Clerk's office. All of my work product which contained these "alleged" errors were accumulated and maintain in a file.

b.    October 1999 through December 2001

c.    Kathleen Quin, Town Clerk Town of Windsor

d.    Alice Williams, in her capacity as Deputy Town Clerk, Leon Churchill, Jr. Town Manager, Dede Moore, Human Resources Director

e.    Thelma London, Town Clerk's Office

f.    To my knowledge the errors of my co-workers were not copied or maintained in files.

## Answer #4

a.    A procedure was instituted requiring weekly meetings with the Human Resources Director for the purpose of discussion performance problems, even though I was sometimes asked to audited the Town Clerks land records entries.

b.    October 1999 through November 1999

c.    Kathleen Quin, Town Clerk, Dede Moore, Human Resources Director

d.    Alice Williams, in her capacity as Deputy Town Clerk

e.    Thelma London, Elka Peck

f.    Similarly situated co-workers were not subjected to these terms and conditions of employment.

**Answer #5**

a.     Upon passing the Town Clerks Examination and receiving the designation of Certified Town Clerk in June 2001, there was no monetary recognition of this accomplishment. Other Town employees who had received professional designations as a result of training were monetarily compensated upon successful completion of their course of study.

b.     June 2001

c.     Kathleen Quin, Town Clerk,  Leon Churchill, Jr.

d.     Alice Williams, in her capacity as Deputy Town Clerk, Thelma London, Town Clerk's Office, Liz Santos, Payroll

e.     Glenn Cusano Health Dept, Frank Angelillo, Data processing Systems

f.     The compensation for merit  was arbitrarily applied.


**Answer #6**

a.     Under the Family & Medical Leave Act (FMLA), my child had a life-threatening emergency and proof was required to substantiate her condition.  Town policy does not address the issue as it relates to an employee's child.  Payroll was required to adjust my leave time for days used for this qualified absence.

b.     August 2000

c.     Kathleen Quin, Town Clerk

d.     Leon Churchill, Jr., Town Manager, Enita Jubrey

e.     Liz Santos, Payroll

f.     Similarly situated employee-parents were not required to furnish such proof.


4.     With respect to your claim for denial of procedural due process set forth in paragraphs one and forty of Count Two of your Complaint, state the alleged property rights or liberty rights that entitled you to due process, the manner in which due process was allegedly denied, who allegedly denied your due process,

when you were allegedly denied due process, and what procedural due process you claim you were entitled.

<u>Answer</u>

    a.  The information reported to the Connecticut Department of Labor states the reason for termination as "willful misconduct." The Town provided no prior knowledge of this charge having been leveled against me, or the reasons to support such a charge. The document provided to me at termination stated the reason for termination as "poor performance over the past three years as Deputy Town Clerk."

5.  To the extent that you claim emotional distress is an element of damages, please state:

    a.     whether you have ever been examined or treated by a psychiatrist, psychologist, social worker or therapist;

    b.     the name and address of each psychiatrist, psychologist, social worker or therapist;

    c.     the dates of the examination or treatment;

    d.     whether you have been discharged from treatment, and if so, by whom,    and when; and

    e.     whether you anticipate further treatment, and if so when.

<u>Answer</u>

a.  Yes

b.  Dr. Alexander Miano,
    645 Main Street
    West Hartford, CT

Dr. Gary Savill

645 Main Street

West Hartford, CT


Dr. Meadow Chin

John Dempsey Hospital

Farmington, CT


Dr. Susanne Shrader

John Dempsey Hospital

Farmington, CT


c.  August 23, 2000

October 23, 2000

April 03, 2001- April 09, 2001

May 21, 2001 - June 30, 2001


d.  No


e.  On an as needed basis.


6.  **Please list the names of any medical doctor, psychologist, social worker, therapist, pastoral counselor, or mental health counselor, or the like, from whom you sought care as a result of the alleged conduct of the defendants.**


Dr. Stephen Goldenberg

Dr. Alexander Miano

Dr. Gary Savill

7.     Please state each item of specific damages, losses and expenses that you claim resulted from the events alleged in your Complaint and how each special damages was calculated.

Lost Wages:

Unemployed from week of December 17, 2001 @     $ 656.25/wk

Unemployment Compensation Amount:     @     $-281.00/wk

$ 375.25/wk

$ 375.25

x29 wks of unemployment –   12/17/01 –  6/10/02

$10882.25 (Lost Wages)

Unemployed from week of 12/8/03- 1/26/04 @  $656.25/wk.

$ 656.25

x8 wks

$5250.00 (Lost Wages)

Periods of Employment:

Employed for the period 6/2/03 to 12/1/03 @ $1190.00 bi-weekly.  ($ 1190)=$595.00

2

$ 656.25

-595.00

$   61.25

x27 wks

$1653.75 (Lost Wages)

Total Compensation:

$   10882.25

   +5250.00

   +<u>1653.75</u>

$ 17786.00 plus Cost of Living Adjustment


Compensatory & Punitive Damages:    $1,000,000.00

               Plus:      <u>15,909.00</u>

                        $ **1,015,909.**00


8.    **Please state the names, addresses and occupation of all persons whom you expect to testify at trial as a fact witness.**

**Answer:**

    **1.**    Lisa Clemons
             51 Pioneer Drive
             Windsor, CT  06095
             Consultant

    2.    Ivylyn Nevers


    3.    Karen Kiley
             Town of Windsor

    4.    Dede Moore
             Town of Manchester Human Resources Director

    5.    Elvira Napoleone
             Town of Windsor

    6.    Enita Jubrey
             Town of Windsor

    7.    Gary Dowgewicz
             Town of Windsor

    8.    Peg Rocchi
             Town of Windsor

9.     Peter Souza
       Town of Windsor

10.    Lisa Letourneau
       Town of Windsor

11.    Ed Pruitt
       Town of Windsor

12.    Vicki McDonald
       Town of Windsor

13.    Kathy Quin
       Town of Windsor

14.    Elka Peck
       Town of Windsor

15.    Steve Kosofsky
       Town of Windsor

16.    Thelma London
       Town of Windsor

17.    Katie Chiodo
       Town of Windsor

18.    Kathy Jourdan
       Town of Windsor

19.    Leon Churchill, Jr.
       Town of Windsor

20.    Liz Santos
       Town of Windsor

21.    Holly Holt
       Town of Windsor

22.    Glenn Cusano
       Town of Windsor

23.    Frank Angelillo
       Town of Windsor

24.  Christine Foss
     Town of Windsor

25.  Kelly Barrett
     Town of Windsor

26.  Alice Willliams
     4 Watkins Road
     Bloomfield, CT  06002

27.  June Cameron
     Town Clerk's office - East Granby

28.  Enita Jubrey
     Town of Windsor

29.  Charlie Wall
     Town of Windsor

30.  Sharon Enot
     Town of Windsor

31.  Nhan Vo Le
     Windsor, CT

32.  Cynthia Kosher
     Town Clerk - Burlington

9.   **State whether you, your attorney or any other representatives have statements of any parties or witnesses, signed or otherwise, in writing, adopted or approved by the person making it, any stenographic, mechanical, electrical or other recording or transcript thereof, made by a party or non-party declarant regarding the subject matter of this case or concerning the actions of any party or witnessed therein, except statements made by a party to such party's attorney.**

     <u>Answer:</u>

     Yes

10.  **Identify the name and address of each person whom you intend to call as an expert witness at trial and the subject matter of which expert is expected to testify, the substance of facts and opinions to which each expert is expected to testify and a summary of the grounds for the opinions of each expert.**

**Answer:**

Dr. Alexander Miano
Job-related Stress

Dr. Gary Savill
Job-related Stress

Dr. Stephen Goldeberg
Physical and mental exhaustion

Dr. Susanne Shrader
Outpatient Psychiatrist Program (Green House) - UCONN

Testimony relates to disability and the stressful effects of working in a hostile work environment.

11.    **If, within the past ten years, you have been involved in any claims, litigation, administrative proceedings or appeals in which you have alleged denial of substantive and procedural due process, denial of the equal protection of law, violation of Title VII of Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, or emotional distress, for each such action please state:**

    a.    **the name and address of each person or entity against whom such action was made;**

    b.    **the suit or appeal which was brought, state the name and location of the court and docket number;**

    c.    **the manner in which such claim or action was resolved; and**

    d.    **if such action or claim has not been resolved, what is the current status of such claim or action.**

    **Answer:**

    a.    Town of Windsor – Administrative proceeding
          275 Broad Street
          Windsor, CT  06095

    b.    Commission on Human Rights & Opportunities, State of Connecticut
          1229 Albany Avenue
          Hartford, CT   06112
          Discrimination
          CHRO #0210368

EEOC #16AA200811

c.    Dismissed

d.    No Response Required.

12.    **With respect to your claim for deprivation of rights secured by Title VII of the Civil Rights Act of 964, the Age Discrimination in Employment Act of 1967, and the American with Disabilities act of 1990 as alleged in paragraph one of Count One of your Complaint, state each and every alleged act taken against you which you claim deprived you of your rights and the following:**

a.    **a description of the act;**

b.    **the date the alleged act;**

c.    **the name and position of the individual or individuals who carried out the alleged act.**

d.    **the name and address of all individuals who witnessed the alleged act;**

e.    **the name and position of each similarly situated individual who was allegedly treated differently with respect to each alleged act;**

f.    **a description of how you were treated differently than the identified similarly situated employees; and**

g.    **all facts upon which you rely to support your contention that the act was taken because of our race, age or disability.**

**Answer:**

a.    Subjected to bi-weekly performance evaluations with Human Resources, the Town Manager and the Town Clerk.

b.    September 17, 2001 through October 15, 2001.

c.    Kathleen Quin, Town Clerk, Leon Churchill, Jr. Town Manager, Peter Souza, Assistant Town Manager & Acting Human Resource Director, Elvira Napoleone, Human Resources Generalist.

d.    Thelma London, Town Clerk's Office, Alice Williams Town Clerks Office

    e.      Thelma London, Administrative Clerk & Assistant Registrar of Vital Statistics, Elka Peck, Administrative Clerk & Assistant Registrar of Vital Statistics, Alice Williams, Deputy Town Clerk

    f.      Performance meetings in which there was an itemization of alleged errors.

    e.      white female employees were not subjected to performance evaluations and their errors were not photocopied and maintained.

**Answer:**

    a.      Unreasonable and arbitrary deadlines for completion of daily abstracting duties. The Clerk's Office hours were from 8:00am to 5:00pm with documents recorded up to the closing hour.  The Indexing deadline was 4:00pm.

    b.      On-going and continuous

    c.      Kathleen Quin, Town Clerk

    d.      Thelma London, Administrative Clerk & Assistant Registrar of Vital Statistics, Elka Peck, Administrative Clerk & Assistant Registrar of Vital Statistics,  Alice Williams, Deputy Town Clerk, Leon Churchill, Jr., town Manager

    e.      Thelma London, Administrative Clerk & Assistant Registrar of Vital Statistics, Elka Peck, Administrative Clerk & Assistant Registrar of Vital Statistics, Alice Williams, Deputy Town Clerk

    f.      These employees had no deadlines for any responsibilities they undertook on a daily basis.

    g.      These employees were white females who on a daily basis leisurely handled limited assignments with no accounts of  their errors being maintained.  I know that I was not responsible for every error which occurred in the office.  The other employees were not required to index land records or to produce the volume of work I was required too.

13.    **With respect to your claim of additional job responsibilities you allege added to your workload as alleged in paragraph 18, Count one of your Complaint, state for each additional responsibility the following:**

    a.      **a description of the responsibility;**

    b.      **the date the responsibility was added to your workload;**

    c.      **the training, compensation and/or accommodation you allege you did not receive.**

**Answer:**

a.    Town-wide mail processing duties which had to be physically taken over to the United States Post Office by 5:00pm. In the absence of the Town Manager's secretary or at employees vacation, these duties were added to my workload.

b.    From October 16, 2000 and on continuous basis.

c.    An introduction to the mail processing machine was provided. This responsibility had a specific job classification. These conflicting priorities caused me great stress which manifested into a total mental breakdown. The same treatment continued upon my return from medical leave.

14.    With respect to your claim that similarly situated employees given additional responsibilities were compensated, trained or provided accommodations as alleged in paragraph 18, Count One of your Complaint, state the following for each such responsibility added to the similarly situated employee:

    a.    a description of the responsibility;

    b.    the name and position of the employee given the responsibility.

    c.    the date the employee was given the responsibility.

    d.    the compensation, training and/or accommodation given to the employee to perform the responsibility.

    **Answer:**

    a.    Title Searches.

    b.    Alice Williams, Deputy Town Clerk

15.    With respect to your claim of subjection to "an extraordinary hostile work environment" as alleged in paragraph 19, Count One of your Complaint, state for each alleged act or conduct you allege supports your claim of a hostile work environment the following:

    a.    a description of the alleged act or conduct;

    b.    the name and position of the individual or individuals who carried out the alleged act or conduct;

    c.    the date of the alleged act or conduct; and

d.    **the name and address of any individual who witnessed the alleged act or conduct.**

**Answer:**

The placing of a dead rodent in my file drawer.  I know that the rodent could not have put itself in the file or otherwise found its way into the file cabinet because of it's size and position.  My food was always kept or placed in a different file drawer located some three feet away.  Rodents just don't make such gross misjudgments.  The Town Clerk's reaction was too subdued considering the

destruction a rodent can do to the Town's public records.  There was no investigation and no exterminator was called.

b.    Kathleen Quin, Town Clerk, Gary Dowgewicz, Building & Grounds

c.    November 20, 2000

d.    I actually can't recall as the incident was so unsettling.

**Answer:**

a.    Communications with me via post-it notes and e-mails.  Upon returning to my desk, there would be posted notes "alleging" an error that had been made or errors.

b.    Kathleen Quin, Town Clerk

c.    Continuous and on-going.

d.    Thelma London, Town Clerk's Office, Elka Peck, Town Clerk's Office, and Alice Williams, 4 Watkins Road, Bloomfield, CT  06002.

16.    For the medical documentation alleged to have been provided in paragraph 29, Count One of your Complaint, state the following:

a.    a description of the documentation provided;

b.    the dates the documentation was provided.

**Answer:**

a.    The rodent incident truly upset me.  It was a cruel "joke."  I requested an appointment with my medical doctor. When I returned to the office after a visit

with Dr. Stephen Goldenberg, I placed a copy of the medical note excusing me from further duties until September 5, 2000 in the hand of Kathleen Quin. She immediately went to Dede Moore, Human Resources Director.

b.     August 22, 2000

**Answer:**

a.     On an order from Dr. Alexander Miano, my next absence occurred  in 2001.  I was hospitalized for job-related stress and generalized anxiety from April 3, 2001 through April 9, 2001.  I returned to work on April 10, 2001.  This was much too soon.

b.     Doctor Meadow Chen was to have faxed a copy of my medical excuse to Kathleen Quin at the town Clerk's office.

**Answer:**

a.     Dr. Alexander Miano authorized a medical excuse which placed me in a partial hospitalization program at UCONN.  In his medical opinion I was unable to work.

b.     Dr. Miano was to have faxed a medical excuse to Kathleen Quin.  I received several calls at home from Dede Moore, Human Resources requesting documentary evidence of my illness.  I was out ill for the period May 21, 2001 to May 31, 2001 and from June 1, 2001 to June 30, 2001.

17.     **What procedures were allegedly failed to have been followed in terminating you as alleged in paragraph 34, Count One of your complaint.**

**Answer:**

The Report received by the Department of labor from the Town stated the reason for termination as   "Willful Misconduct".  I was not given prior notice of this charge. There was no explanation to me of what this charge referred to or what evidence the town used to levy it.

18.     **State whether it is your contention that you have a disability as defined by the Americans With Disabilities Act or whether the defendants regarded you as having a disability.**

**Answer:**

Yes, I am an individual with a disability as defined by the Americans With Disabilities Act.

19.   With respect to your claim for deprivation of your rights pursuant to The Americans With Disabilities Act, state the following:

   a.   the alleged "disability;"

   b.   the "major life activity" that is substantially limited by the alleged disability;

   c.   the basis for your contention that the defendants had notice of the alleged disability;

   d.   the date you were diagnosed with the alleged disability;

   e.   the name of the individual who diagnosed the alleged disability;

   f.   the date of each accommodation request made by you to the defendants;

   g.   the nature of each request for accommodation;

   h.   the name and position of the individual to whom the request for accommodation was made; and

   i.   the response to the request for accommodation.

   **Answer:**

   a.   Depression and Generalized Anxiety.

   b.   marriage dissolved as a result of inability to be a wife to my husband and a mother to my children.

   c.   documentation received from doctors.

   d.   August 22, 2000

   e.   Dr. Steven Goldenberg and confirmed by Dr. Alexander Miano.

   f.   No formal request was made.

   g.   No formal request was made.

   h.   No formal request was made

   i.   No formal request was made.

20.    State for each act that you allege violates the Connecticut Fair
       Employment Practices Act Section 46a-60(a)(4) the following:

    a.    a description of the act;

    b.    the date of the act;

    c.    the name and position of the individual or individuals who carried
          out the act; and

    d.    all facts upon which you base your contention that the act was in
          response to your opposition to discrimination.

<u>Answer:</u>

21.    State for each act that you allege violates the Connecticut Fair
       Employment Practices Act section 46a-60(a)(5) the following:

    a.    a description of the act;

    b.    the date of the act;

    c.    the name and position of the individual or individuals who
          carried out the act; and

    d.    all facts upon which you base your contention that the act
          aided, abetted, incited, compelled, or coerced  discriminatory
          employment practice.

<u>Answer:</u>

## VERIFICATION

STATE OF CONNECTICUT)          §
CONTY OF FAIRFIELD      )      §  Hartford

    On this day, PATRICIA MASSEY,  appeared before me, the undersigned Notary Public/Commissioner of  the Connecticut Superior Court.  After I administer an oath to her, upon her oath, she said that she read the Plaintiff's response to Defendant's first set of interrogatories and the facts stated in it are within her personal knowledge and  were true and correct.


_____
PATRICIA MASSEY

SWORN TO and SUBSCRIBED before me by  _Lisa C. Benso_  , on this _10th_ day of  February, 2004.


_____
Notary Public/Commissioner of Superior Court

My Commission Exp. Dec. 31, 2004

My Commission Expires: _____

# PLAINTIFF'S RESPONSE TO INTERROGATORIES AND REQUEST FOR PRODUCTION

20.    State for each act that you allege violates the Connecticut Fair Employment Practices Act Section 46a-60(a)(4) the following:

    a.    a description of the act;

    b.    the date of the act;

    c.    the name and position of the individual or individuals who carried out the act; and

    d.    all facts upon which you base your contention that the act was in response to your opposition to discrimination.

Answer:

There was never a retaliation claim brought forward, and this statute was included in the complaint in error.

## PLAINTIFF'S RESPONSE TO INTERROGATORIES AND REQUEST FOR PRODUCTION

21.    State for each act that you allege violates the Connecticut Fair Employment Practices
       Act section 46a-60(a)(5) the following:

    a.    a description of the act;

    b.    the date of the act;

    c.    the name and position of the individual  or individuals who carried out the act; and

    d.    all facts which you base your contention that the act aided, abetted, incited, compelled,
       or coerced discriminatory employment practice.

Answer:

    a.    Application of the performance evaluations system in a discriminatory manner to effect my
       termination

    b.    On-going and continuous.

    c.    Kathleen Quin, Town Clerk, Leon Churchill, Jr. , Town Manager, Peter Sousa,
       Assistant Town Manager and Acting Human Resources Director.

    d.    The failure or arbitrary violation of the Town of Windsor's published Personnel
       Policies by these individuals, acting in their official capacities, denied my rights to equal
       protection effectively sanctioning, and aiding and abetting the discriminatory employment
       practices of Kathleen Quin, Town Clerk and my immediate supervisor.

# THE BARRISTER LAW GROUP

### A LIMITED LIABILITY COMPANY

MARGARET J. ADDO
R. JEANESE CABRERA
KYLE A. HARRELL
SHARON A. JENKINS
CYNTHIA R. JENNINGS
EROLL V. SKYERS

SHIRLEY S. HARRELL

211 STATE STREET, 2ND FLOOR
BRIDGEPORT, CONNECTICUT 06604

TEL (203) 334-4800
FAX (203) 368-6985 OR (203) 333-7178
INTERNET: www.barristerlawgroup.com



David S. Monastersky
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114

Re:    Patricia Ann Massey v. Town of Windsor and Kathleen Quin

Dear Attorney Monastersky,

I am in receipt of your letter dated March 4, 2004, requesting additional information as relates to the interrogatory responses submitted to your attention. I spoke with my client, Ms. Massey, and she made the following modifications and/or amendments to the following interrogatories:

4.    Her due process was denied by Kathleen Quin relative to the termination process. Ms. Massey received a pink slip completed and signed by Ms. Quin, which stated that she was terminated for willful misconduct. Ms. Massey was never disciplined for willful misconduct. Consequently, she was never allowed an opportunity to be heard on this charge.

7.    The cost of living adjustment was never calculated into the figures, however Plaintiff would calculate it at 3% of annual wages.

8.    All of the individuals named with the exception of about three, were former Town of Windsor employees, or are current Town of Windsor employees. Consequently, Defendants are in control of this personnel information, however, Plaintiff will go through the list and produce the added information and e-mail it to opposing counsel.

10.    There will be no experts. All of the doctors identified by Plaintiff will serve as fact witnesses. They were all her treating physicians.

14.    The answers to part c and d will be e-mailed to opposing counsel.

Thank you for your consideration in this matter.

Sincerely,

Cynthia R. Jennings, Esq.