

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA ANN MASSEY : | |
| : | CIVIL NO. 3:03CV55 (PCD) |
| VS. : | |
| : | |
| TOWN OF WINDSOR, : | MARCH 26, 2004 |
| KATHLEEN QUIN : | |

## RESPONSE FOR PRODUCTION, INSPECTION AND EXAMINATION DIRECTED TO THE PLAINTIFF

1. All statements described in the preceding Interrogatories and within the possession and control of you or your representatives.

   **Answer**
   Section A

   1. Plaintiff's Response to Interrogatories and Request for
      Production                                                          1-25

2. All documentation that relates to damages referred by you in your response to the preceding Interrogatories and the Complaint.

   **Answer**
   Section B

   1. Salary pages of wages for town clerks                               1-2
   2. Payroll check of Patricia Ann Massey                                3-4
   3. U.S. Bankruptcy Court document                                      5
   4. Statement of Unemployment Compensation                              6-7

     5. Patricia Massey Pay/Change for from the
        Town of Windsor, Connecticut                        8-14
     6. 2002 CT 1040EZ for Patricia Massey            15-17
     7. 2002 CT 1040 for Patricia Massey               19-21

**3.** All medical records, psychiatric records, social worker records, therapist records or records of any other mental health counselor concerning any treatment for your alleged emotional distress.

    **Answer**
    Section C

    1. Authorization for Release of Protected Health Information    1
    2. 8/22/00- Steven A. Goldenberg, M.D. letter    2
    3. 8-22-00-Alexander P. Miano, M.D. Claimant form    3
    4. Short Term Disability Benefits form for Patricia Massey    4
    5. Letter to Dr. Goldenberg from Patricia Massey    5
    6. Town of Windsor Leave Correction Forms    6-7
    7. Leave Time Balances memo from Liz Santos    8-9
    8. 4-9-01 - M. Chen, MD. letter regarding Patricia Masse    10

**4.** All notes, journal entries, diary entries, correspondence or any other written memorialization of the events alleged in your Complaint and the preceding interrogatories. If you claim attorney/client privilege for any such items please identify the author of each item, the date of creation of each item and a general description of the contents of each item.

    **Answer**
    Section D
    (This section is all written memorialization that Plaintiff documented while employed by the Town of Windsor and it is chronologically cataloged by month and year)

    1. May - 1999    1-2
    2. July - 1999    3
    3. August - 1999    4
    4. September - 1999    4

| | |
|---|---|
| 5. October - 1999 | 5-6 |
| 6. November - 1999 | 7-9 |
| 7. January - 2000 | 10-12 |
| 8. February - 2000 | 13-20 |
| 9. March - 2000 | 21 |
| 10. May - 2000 | 22-23 |
| 11. June - 2000 | 24 |
| 12. July - 2000 | 24 |
| 13. August - 2000 | 24 |
| 14. October - 2000 | 25 |
| 15. November - 2000 | 25 |
| 16. August - 2001 | 26-27 |
| 17. September - 2001 | 28-31 |
| 18. October - 2001 | 32-35 |
| 19. November - 2001 | 36 |
| 20. January - 2002 | 37 |
| 21. November | 38-40 |
| 22. Misc dates | 41-46 |

**5.** All correspondence, complaints, reports, records or other documentation that support your contention that you were denied due process and equal protection of the law.

**Answer**
Section E

| | |
|---|---|
| 1. Letter dated 12/0/01 from Peter Souza to Patricia Massey | 1-2 |
| 2. Memo dated 12/28/01 from Patricia Massey to Leon Churchill | 3 |
| 3. Letter dated 12/8/01 from Leon Churchill to Patricia Massey | 4 |
| 4. Documentation of Evaluation by Patricia Massey that took place on September 7, 2001 | 5-7 |

6. All correspondence, complaints, reports, records or other documentation that support your contentions that you were treated differently than similarly situated employees on account of your race color, age or disability.

**Answer**
Section F

1. 9/22/00 memo from Adjourned Annual Meeting that was for Town Clerks. Kathy Quin took Elka Peck instead of Plaintiff — 1
2. 11/30/00 error that Pat in the office made with no reprimand — 2-4
3. 5/15/01 brochure for School for Town Clerks which Plaintiff was not allowed to attend — 5-6
4. 9/17/01 - K. Quin played on computer and was not reprimanded — 7
5. 9/18/01 Elka made an error and was not penalized — 8
6. 10/16/01 - K. Quin was not displaying proper work ethic and was not reprimanded — 9
7. 11/5/01 - Alice and Kathy denied a couple service due to their racial background and was not reprimanded — 10

7. Copies of the notes alleged in paragraph 20, Count one of your Complaint

**Answer**
Section G

(This section is all written memorialization that Plaintiff documented while employed by the Town of Windsor and it is chronologically cataloged by month and year)

1. May - 1999 — 1-2
2. July - 1999 — 3
3. August - 1999 — 4
4. September - 1999 — 4
5. October - 1999 — 5-6
6. November - 1999 — 7-10

| | |
|---|---|
| 7. January - 2000 | 11-13 |
| 8. February - 2000 | 14-21 |
| 9. March - 2000 | 22 |
| 10. May - 2000 | 23-24 |
| 11. June - 2000 | 25 |
| 12. July – 2000 | 25 |
| 13. August - 2000 | 25 |
| 14. October - 2000 | 25 |
| 15. November - 2000 | 26 |
| 16. August - 2001 | 27-28 |
| 17. September - 2001 | 29-31 |
| 18. October - 2001 | 32-33 |
| 19. 2001 Calendar for Patricia Massey | 34-71 |

**8.** Copies of the medical documentation alleged in paragraph 29, Count one of your Complaint.

**Answer**
Section H

| | |
|---|---|
| 1. 8/22/00- Steven A. Goldenberg, M.D. letter | 1 |
| 2. 8-22-00-Alexander P. Miano, M.D. Claimant form | 2 |
| 3. Short Term Disability Benefits form for Patricia Massey | 3-5 |
| 4. Letter to Dr. Goldenberg from Patricia Massey | 6 |
| 5. 4-9-01 - M. Chen, MD. letter regarding Patricia Massey | 7 |

**9.** All documentation that support your claim for special damages.

**Answer**
Section I

Due to emotional distress, Plaintiff was physically suffering at the workplace. In August, 2000 this emotional distress caused Plaintiff to seek treatment. Taking the advice of her physician, Plaintiff took a medical leave of absence. Upon returning to work, the situation was not improved and in April and May 2001, Plaintiff was concerned for her health and took another medical leave of absence. The Defendant's response to Plaintiff's distress was to put her on

bi-weekly evaluation reviews thus creating more stress for the Plaintiff. Due to the Town of Windsor's aggressive campaign against Plaintiff, Plaintiff request and is entitled to compensatory damages in an amount the court shall deem just, reasonable and fair and also punitive damages in an amount the court shall consider to be just, reasonable and fair.

1. 4-9-01 - M. Chen, MD. letter regarding Patricia Massey    1
2. 8/22/00- Steven A. Goldenberg, M.D. letter    2
2. 8-22-00-Alexander P. Miano, M.D. Claimant form    3-4
3. Letter to Dr. Goldenberg from Patricia Massey    5

10. All right to sue notices alleged in paragraph 7, Count one of your Complaint

**Answer**
Section J

1. 10/11/02 US Dept of Justice letter of Notice of Right to Sue

11. All documentation of successful completion of the five training modules alleged in paragraph 9, Count one of your complaint.

**Answer**
Section K

1. 11/15/00 letter from Lisa Valenti    1
2. 6/15/01 CT State Certificate Committee letter to
   Patricia Massey    2-3

12. Documentation that you passed the Connecticut Municipal Town Clerk examination

**Answer**
Section L

1. State of CT Certification Certificate for Patricia Massey

13. A copy of any agreement concerning legal fees in support of your claim of damages for attorney's fees.

   **Answer**
   Section M

   1. Plaintiff has entered into a contingency contract with her attorneys for legal fees and cannot, at this time, produce the claim for damages for attorney's fees.

14. Sign and return the attached medical authorizations.

   **Answer**
   Section N

   1. Authorization for Release of Protected Health Information

15. Sign and return the attached mental health authorization.

   **Answer**
   Section O

   1. Authorization for Release of Protected Health Information

16. All documentation and tangible evidence within your control that support the allegations of your Complaint.

   **Answer**
   Section P

   Although highly recommended for the job of Deputy Town Clerk, once Plaintiff received the position, Patricia Massey was given no formal training. Plaintiff worked hard to secure her position and although discriminated

against by Kathleen Quin, Plaintiff was relieved of her probationary status after over a year's time. Due to personal conflicts with Plaintiff, Kathleen Quin subjected Plaintiff to unsatisfactory reviews and sabotaged Plaintiff's position in the Town of Windsor. This behavior by Kathleen Quin and her allegations that Plaintiff was incompetent is not consistent with the accolades of the public and co-workers. Plaintiff even received the honor of being highlighted in the Journal Inquirer as a great representative as a Deputy Town Clerk of the Town of Windsor. Yet and still, Plaintiff was subjected to bi-weekly reviews and consequently asked to resign her position. When Plaintiff declined, she was terminated and not given due process as afforded any other similarly situated employees of the Town of Windsor. Due to this termination, Plaintiff has suffered and seeks restitution from the Town of Windsor and Kathleen Quin.

1. Ad for Deputy Town Clerk — 1
2. Job Description for Deputy Town Clerk — 2-4
3. 9/6/88 - Outstanding Evaluation of Patricia Massey — 5-6
4. 9/14/99 - Outstanding Evaluation of Patricia Massey — 7
5. 9/21/99 - Letter recommending Plaintiff be taken off of probation — 8
6. Documented proof of sabotage by Kathleen Quin — 9-10
7. Letters of commendation for Patricia Massey — 11-20
8. Journal Inquirer article featuring Patricia Massey — 21
9. Bi-Weekly evaluations and reprimands — 22-49
10. Letter from Patricia Massey letter stating her desire to remain employed by the Town of Windsor — 50
11. Letter of Termination of Plaintiff by the Town Of Windsor — 51-52
12. Plaintiff's Appeal denied by the Town of Windsor — 53-54

**The Plaintiff**

By _____
CYNTHIA JENNINGS, ESQ. (CT21797)
211 State Street
Bridgeport, CT 06604
203-334-4800

# CERTIFICATION

This is to certify that a copy of the foregoing has been sent, to the following counsel on this 25th day of March, 2004.

Defendants,
Town of Windsor and Kathleen Quin in her
Individual capacity

David S. Monastersky, Esq
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190
860-249-1361

_____
Cynthia R. Jennings



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
3505 3700

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Ms. Patricia Ann Massey
c/o Cynthia R. Jennings, Esquire
The Barrister Law Group
Attorney at Law
211 State St.
Bridgeport, CT 06604

October 11, 2002

Re: EEOC Charge Against Town of Windsor, et al.
    No. 16AA200811

Dear Ms. Massey:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Ralph F. Boyd, Jr.
Assistant Attorney General
Civil Rights Division

by *[signature]*

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc: Boston Area Office, EEOC
    Town of Windsor, et al.

RECEIVED
OCT 16 2002
BY:----------------